USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP and   :
AURELIUS CAPITAL MASTER, LTD.,   :
      :
      Plaintiffs,   :
      :
    – against –   :
      :
THE REPUBLIC OF ARGENTINA,   :
      :
      Defendant.   :
      :
------------------------------------------------x

07 Civ. 2715 (TPG)

**OPINION**

Additional Cases
EM Ltd. v. Republic of Argentina (03 Civ. 2507)
NML Capital Ltd. v. Republic of Argentina (03 Civ. 8845)
NML Capital Ltd. v. Republic of Argentina (05 Civ. 2434)
GMO Emerging Country Debt LP v. Republic of Argentina
    (05 Civ. 10380)
GMO Emerging Country Debt Investment Fund PLC v. Republic of
    Argentina (05 Civ. 10382)
GMO Emerging Country Debt Fund v. Republic of Argentina
    (05 Civ. 10383)
NML Capital Ltd. v. Republic of Argentina (06 Civ. 6466)
NML Capital Ltd. v. Republic of Argentina (07 Civ. 1910)
NML Capital Ltd. v. Republic of Argentina (07 Civ. 2690)
Blue Angel Capital I LLC v. Republic of Argentina (07 Civ. 2693)
NML Capital Ltd. v. Republic of Argentina (07 Civ. 6563)
Aurelius Capital Partners, LP et al. v. Republic of Argentina
    (07 Civ. 11327)
NML Capital Ltd. v. Republic of Argentina (08 Civ. 2541)
NML Capital Ltd. v. Republic of Argentina (08 Civ. 3302)
NML Capital Ltd. v. Republic of Argentina (08 Civ. 6978)


Plaintiffs in these actions own defaulted bonds issued by

defendant, the Republic of Argentina.  The court previously entered

orders restraining assets held by the Administracion Nacional de

Seguridad Social ("ANSES") and the administrators of ten Argentine

pension funds (the Fondos de Jubilaciones y Pensiones, or "FJPs").  In an opinion dated December 11, 2008, the court determined that these orders were validly issued.  However, the court based the opinion on the record as it then existed, and noted that it "appear[ed] that more discovery will take place, resulting in further development of the facts."

In a memorandum to counsel dated December 17, 2008, the court noted that "discovery going on between plaintiffs and the Republic . . . will provide more complete facts about certain issues than what was available at the time of the opinion."  The court specifically pointed to two issues that appeared to require discovery: "First, facts about purchases by the private funds and by ANSES of government debt, including when and how much were involved in such purchases, whether the required interest and principal payments have been made, whether there have been defaults, whether there have been roll-overs.  Second, facts about pension fund assets located in New York."  The court also noted that since the Republic likely had "access to all the information which is important for present purposes," there was no need to rule at that time on ANSES's contention that it is immune from discovery.

The court issued an order dated March 4, 2009, based on the rulings in the December 11, 2008 opinion, in which the court granted plaintiffs' various motions to authorize service of Writs of Execution, to permit the issuance of Restraining Notices, and to confirm the attachments issued in some of these cases.  In the same order, the court

denied as moot the motion of plaintiff NML Capital for immediate discovery, to be completed by November 21, 2008.

Plaintiffs in cases 07-cv-2715, 07-cv-11327, and 07-cv-2693 ("the Aurelius plaintiffs") have moved by letter dated January 14, 2009 for discovery pursuant to the court's suggestion. Plaintiffs in cases 05-cv-10380, 05-cv-10382, and 05-cv-10383 ("GMO") moved on December 1, 2008 to compel the depositions of two ANSES officials or, in the alternative, to strike their declarations from the motion record. ANSES moved on February 10, 2009 to quash certain subpoenas served by the Aurelius plaintiffs. For the reasons set forth below, the motions of the Aurelius plaintiffs and GMO are granted. The motion of ANSES is denied.

### Discovery and the Foreign Sovereign Immunities Act

The Federal Rules of Civil Procedure provide that parties may obtain discovery "of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). In particular, a judgment creditor "may obtain discovery from any person" in "aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). However, a court must limit discovery to the extent that it would be "unreasonably cumulative or duplicative," or would involve an undue burden. Fed. R. Civ. P. 26(b)(2)(C). A court is also authorized to quash a subpoena under certain delineated circumstances. Fed. R. Civ. P. 45(c).

The Foreign Sovereign Immunities Act ("FSIA") imposes additional constraints on discovery. The FSIA's constraints operate in two stages. Before a court has determined whether a sovereign is immune under the rules of the FSIA, discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to the immunity determination. EM Ltd. v. Republic of Argen., 473 F.3d 463, 486 (2d Cir. 2007); Filus v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2d Cir. 1990). Thus, at that stage, a court must balance a sovereign's legitimate claim to immunity from discovery against a plaintiff's need to obtain evidence to show that an exception to the FSIA applies. First City, Tex.-Houston, N.A. v. Rafidain Bank ("First City I"), 150 F.3d 172, 176 (2d Cir. 1998).

However, once a plaintiff has shown "a reasonable basis for assuming jurisdiction," it is entitled to more expansive discovery. Filus, 907 F.2d at 1332. Thus, once a court has determined that subject matter jurisdiction under the FSIA exists, that jurisdiction permits a plaintiff "discovery pertaining to the judgment debtor's assets." First City, Tex.-Houston, N.A. v. Rafidain Bank ("First City II"), 281 F.3d 48, 53-54 (2d Cir. 2002). Moreover, when a court determines that it has jurisdiction over a sovereign, it may order the sovereign to produce discovery to test another entity's claim that it is entitled to sovereign immunity. First City I, 150 F.3d at 177.

The Aurelius Motion

The Aurelius plaintiffs seek an order requiring the Republic to produce information regarding pension assets located in the United States and purchases by the FJPs and ANSES of Argentine government debt.  The Republic claims that any request for discovery of the Republic is moot because it has now produced all documents within its custody and control regarding the pension assets.

In the opinion issued December 11, 2008, the court found that the Republic waived its sovereign immunity with respect to the defaulted bonds, that ANSES is a political subdivision of the Republic and therefore subject to the Republic's waiver of sovereign immunity, and that the assets in question are used for commercial activity in the United States.  Therefore, plaintiffs have shown a reasonable basis for the court's jurisdiction in this matter and are entitled to discovery from the Republic regarding the pension assets.  Since the court has held that ANSES is part of the Republic, this necessarily means that plaintiffs are also entitled to discovery from ANSES regarding the pension assets.  Moreover, to the extent that ANSES continues to argue that it is distinct from the Republic and immune under the FSIA, plaintiffs are entitled to discovery from the Republic to test this claim.

In arguing that plaintiffs' request is now moot, the Republic appears to be distinguishing documents held by the Republic from

documents held by ANSES.  This distinction is not tenable in light of the court's December 11 opinion.

The Republic is therefore ordered to produce to plaintiffs, within fifteen days, all information in its possession, custody, or control sought by plaintiffs regarding (1) property of the FJPs and ANSES located in the United States, the composition and location of such property, the identities of all custodians through whom such property is held, and the account names and numbers relating to such property; (2) purchases by the FJPs and by ANSES of Argentine government debt, including when and how much were involved in such purchases, whether the required interest and principal payments have been made, whether there have been defaults, and whether there have been rollovers; and (3) the relationship between the Republic and ANSES.  With respect to the first category of documents, the Republic must produce information reflecting the facts as of both October 29, 2008, and the present time.  Since ANSES has been determined to be part of the Republic, this order applies to ANSES as well.  Information in the possession, custody, or control of ANSES is necessarily information in the possession, custody, or control of the Republic itself.

The court also issues the following clarification in response to the Republic's assertion that, by denying as moot NML's motion for expedited discovery, the court's March 4 order suggested that the Republic had fully complied with its discovery obligations.  That ruling was based

solely on the fact that the expedited discovery deadline sought by NML, November 21, 2008, had already passed.  It had nothing to do with whether the Republic had complied with its basic discovery obligations.

### The GMO Motion

GMO moves to compel the depositions of Gustavo Medone, the Legal Affairs Director of ANSES, and Juan Carlos Cassagne, an Argentine attorney.  In connection with the briefing leading up to the court's December 11 opinion, ANSES submitted declarations by Medone and Cassagne in support of the argument that ANSES is a distinct legal entity from the Republic.  GMO responded by noticing the depositions of both individuals.  ANSES refused to comply with these notices on the ground that it is entitled to sovereign immunity.  GMO therefore moved to compel the depositions or, in the alternative, strike the declarations.  ANSES has not formally opposed the motion, although it has repeatedly stated in letters to and conferences with the court that it believes that sovereign immunity protects it from being subject to discovery.

The court held in the December 11 opinion that ANSES has no independent sovereign immunity with respect to the matters at issue here.  Therefore, it is not entitled to assert sovereign immunity to resist these depositions.  Even if the court had not yet made this determination, the depositions of two individuals regarding the issue of whether ANSES is protected by sovereign immunity would be appropriately "limited discovery with respect to the jurisdictional issue."

Filus, 907 F.2d at 1332.  Therefore, to the extent that GMO still seeks to conduct these depositions, its motion is granted.

## The ANSES Motion

ANSES moves to quash subpoenas served by the Aurelius plaintiffs on thirteen financial institutions in the United States that may hold assets of the FJPs or ANSES.  As requested by ANSES in letters dated March 30 and March 31, the court deems its motion to also apply to subpoenas served on ten additional financial institutions.

ANSES makes the following three arguments in support of this motion.  First, to the extent the subpoenas seek information about assets located outside the United States, the information is not relevant because such assets could not be attached.  Second, to the extent the subpoenas seek information about assets located within the United States, they violate the FSIA, prejudice ANSES by violating its sovereign immunity, and improperly require the disclosure of information about ANSES, a non-party.  Third, to the extent the subpoenas seek information located outside the United States, they violate the Federal Rules and plaintiffs should be required to use the Hague Convention procedures.

These arguments are without merit.  Information about assets located outside the United States is relevant to the plaintiffs' claims in these actions, and to the enforcement of their judgments, especially in light of evidence that now shows that the FJPs and ANSES may have violated the court's orders by transferring over $80 million out of the

United States.  The court has already rejected ANSES's argument that it is immune under the FSIA and has held that ANSES is part of the Republic.  Discovery as to ANSES's assets is therefore permissible under the FSIA as "discovery pertaining to the judgment debtor's assets."  First City II, 281 F.3d at 53-54.  Also, the fact that the subpoenas are directed to non-party financial institutions, and the fact that they may require the disclosure of information pertaining to a non-party, do not justify quashing the subpoenas.  Subpoenas may be directed to non-parties, and none of the conditions set forth in Rule 26(b)(2)(C) for limiting the extent of discovery or Rule 45(c) for quashing a subpoena—such as the presence of an undue burden or the risk of disclosure of protected information—are present here.

Nor is there merit to the arguments about information held outside the United States by the financial institutions.  The institutions, all of which are located in New York, must produce such information to the extent that it is within their control, regardless of where the information is physically located.  United States v. First Nat'l City Bank, 396 F.2d 897, 900 (2d Cir. 1968).  Plaintiffs are not required to resort to the Hague Convention to obtain the information since there is no showing that foreign law bars this discovery they seek or that the discovery would be unduly burdensome.  See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court, 482 U.S. 522, 542-46 (1987).  On the other hand, use of the Hague Convention would conflict with the

necessity to obtain this information on an expeditious basis. <u>First Am.</u>

<u>Corp. v. Price Waterhouse LLP</u>, 154 F.3d 16, 21-23 (2d Cir. 1998).

ANSES's motion to quash is therefore denied.

## Conclusion

The Aurelius plaintiffs' letter request to compel the Republic to

comply with their discovery requests is granted, as set forth above. The

GMO plaintiffs' motion to compel is granted. ANSES's motion to quash is

denied.

SO ORDERED.

Dated: New York, New York
April 3, 2009

Thomas P. Griesa
U.S.D.J.