USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EM LTD.,                                              :     03 Civ. 2507 (TPG)
       Plaintiff,                              :
                                                      :
v.                                                    :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
       Defendant.                             :
-------------------------------------------------------x

## RESTRAINING ORDER

**To:   Citibank NA**
       **Federal Reserve Bank of New York**

      Plaintiff EM Ltd. ("**EM**"), having moved pursuant to Rule 69 of the Federal Rules of Civil Procedure, Section 5222 of the New York Civil Practice Law and Rules, and 28 U.S.C. § 1610 for a restraining notice (requested here in the form of an order in accord with 28 U.S.C. § 1610(c)) directed to assets of Defendant the Republic of Argentina ("**Argentina**") in any account or accounts of Banco Central de la Republica Argentina ("BCRA") at the Federal Reserve Bank of New York (the "FRBNY"), and any account or accounts of Citibank, N.A. or any of its affiliates, parents or subsidiaries ("Citibank") at the FRBNY.

      Upon the (*a*) Declaration of Charles Platto, dated August 9, 2011, the (*b*) Declaration of Kenneth N. Kuttner, 07 Civ. 2715, dated July 31, 2011 and the exhibits annexed thereto, the accompanying Memorandum of Law, and (*c*) all prior pleadings and proceedings herein, from which it appears that Plaintiff has met the criteria for the issuance of a restraining order in that: EM was awarded a final judgment against Argentina on October 27, 2003 in the amount of $724,801,662, which, as of August 9, 2010, has accrued as post judgment interest in the amount

of $76,639,161.74, and there exists a separate valid cause of action against Argentina and BCRA to have BCRA declared an alter ego of Argentina, which would render BCRA jointly and severally liable for Plaintiffs' final judgments;

**NOW**, on the motion of Charles Platto, attorney for EM, **IT IS HEREBY:**

**ORDERED** that Plaintiffs' motion for a restraining order is granted in its entirety and that the amount to be secured by this Restraining Order shall be $801,440,824.30, comprised of the amount of Plaintiffs' final judgments plus accrued post judgment interest;

As required by N.Y. C.P.L.R. § 5222, **IT IS FURTHER STATED** that:

1. The Parties to the above-captioned actions are EM and Argentina.

2. The date of EM's final judgment against Argentina was October 27, 2003.

3. The judgment was entered in the U.S. District Court for the Southern District of New York.

4. The amount of EM's judgment against Argentina was $724,801,662.

5. Argentina has not paid any amount on this judgment, and since entry on the judgment, it has, respectively, accrued post judgment interest as of August 9, 2011 in the amounts of $76,639,161.74, and therefore the full amount of Plaintiff's judgment plus interest, or $801,440,824.30, is owed by Argentina to Plaintiff.

6. The judgment was entered in favor of EM. The judgment was ordered against Argentina.

7. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has

an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

8.  Disobedience of this restraining notice is punishable as a contempt of court;

**IT IS FURTHER ORDERED** that you, your agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of property in which Argentina or BCRA have an interest, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Restraining Order by personal service or otherwise, are hereby **ENJOINED AND RESTRAINED** until further Order from this Court from directly or indirectly transferring, or ordering, directing, or requesting the transfer of any property on deposit with them or held under their control, such as will satisfy the above-mentioned sum of $801,440,824.30, consisting of:

> (a) any funds or other property (tangible or intangible) up to the aggregate amount of $2,206,700,000 in any BCRA and/or Citibank account(s) at the FRBNY that are either (i) received on or about August 1, 2 or 3, 2011 via wire transfer, Fedwire, SWIFT or any other means of transfer or instruction or (ii) the subject of any direction or instruction to transfer out on or about August 2 or August 3, 2011, and which transfer or instruction into or out of the aforementioned account(s) references or relates to bonds of the Republic or payments in respect of any such bonds, including but not limited to the BODEN 12 bonds[1];

> (b) if less than $2,206,700,000 is levied upon pursuant to sub-paragraph (a), then the following shall also be levied upon: (i) any funds or other property (tangible or intangible) up to $1.2 billion received in or for any BCRA account(s) at the FRBNY on or about August 1, 2 or 3, 2011 that (1) are originated or sent from the Bank of International Settlements ("BIS") or BCRA via wire transfer(s), Fedwire, SWIFT or any other means of transfer or instruction, and (2) are the subject of pending directions or instructions for transfers out on August 1, 2 or 3, 2011; and any funds or other property (tangible or intangible) up to $1.2 billion received in or for any Citibank account(s) at the FRBNY on or

---

[1] As used herein, "BODEN 12 bonds" refers to any bonds issued by the Republic pursuant to Ministry of the Economy Resolution No. 81 of June 11, 2002 (also referred to as Resolution No. 81/02 or Resolution 81/2002). As used herein, "BODEN 12 bonds" refers to any bonds issued by the Republic pursuant to of the Economy Resolution No. 81 of June 11,2002 (also referred to as Resolution No. 81102 or Resolution 81/2002).

4

about August 1, 2 or 3, 2011 that are originated or sent from BCRA or the BIS on behalf of BCRA via wire transfer(s), Fedwire, SWIFT or any other means of transfer or instruction; SWIFT or any other means of transfer or instruction, and (2) are the subject of pending directions or instructions for transfers out on August 1,2 or 3, 2011; and (ii) any funds or other property (tangible or intangible) up to $1.2 billion received in or for any Citibank: account(s) at the FRBNY on or about August 1,2 or 3, 2011 that are originated or sent from BCRA or the BIS on behalf of BCRA via wire transfer(s), Fedwire, SWIFT or any other means of transfer or instruction;

(c) the total amount levied upon pursuant to sub-paragraph (b) shall be no more $2,206,700,000 minus whatever is levied upon pursuant to sub-paragraph (a);

(d) the accounts of BCRA and Citibank at the FRBNY but only to the extent such account(s) have an interest in the property described in sub-paragraphs (a) through (c) of this paragraph; and

(e) for the avoidance of doubt, this order does not attach or restrain funds in any BCRA or Citibank account at the FRBNY that have been transferred into such account (i) that are entirely for purposes unrelated to bonds of the Republic or payments on such bonds, or (ii) from accounts at BIS unrelated to BCRA or the Republic;

**FURTHER ORDERED** that the bond of $100,000 previously posted by EM, shall satisfy the bonding requirements for this Restraining Order, of which the total amount is on condition that Plaintiff pays Defendants' costs and damages, including reasonable attorneys' fees, that may be sustained by reason of this Restraining Order if it is decided that

5

Plaintiffs are not entitled to restrain the property described above and are ordered to compensate Defendants.

Dated: New York, New York
August 9, 2011
3:30 P.M.

ENTERED:

_____
United States District Judge

Submitted by:

By:  /s/ Charles Platto
Charles Platto
Law Offices of Charles Platto
1020 Park Avenue, Suite 6B
New York, NY 10028
212 - 423 0579 (tel)
212 - 423 0590 (fax)

*Attorney for Plaintiff EM Ltd.*