UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
:
NML CAPITAL, LTD.,                              :     **OPINION**
:
               Plaintiff,       :     03 Civ. 8845 (TPG)
:     05 Civ. 2434 (TPG)
  – against –                                  :     06 Civ. 6466 (TPG)
:     07 Civ. 1910 (TPG)
THE REPUBLIC OF ARGENTINA,                      :     07 Civ. 2690 (TPG)
:     07 Civ. 6563 (TPG)
               Defendant.       :     08 Civ. 2541 (TPG)
:     08 Civ. 3302 (TPG)
:     08 Civ. 6978 (TPG)
:     09 Civ. 1707 (TPG)
:     09 Civ. 1708 (TPG)
:
-------------------------------------------------x
:
EM LTD.,                                        :
:
               Plaintiff,       :     03 Civ. 2507 (TPG)
:
  – against –                                  :
:
THE REPUBLIC OF ARGENTINA,                      :
:
               Defendant.       :
:
-------------------------------------------------x

      On October 7, 2010, plaintiffs served a subpoena on nonparty Jaime Caruana, general manager of the Bank for International Settlements (the "BIS"), to compel discovery as to business done by Banco Central de la República Argentina ("BCRA") at the BIS.

      Jaime Caruana and the BIS moved to quash the subpoena, and the Republic joined their motion. Plaintiffs cross-moved to compel compliance with the subpoena.

The motion to quash is granted, and the motion to compel is denied.

## Discussion

It should be noted at the outset that plaintiffs are engaged in a legitimate effort to find assets which can be applied through court process to satisfy judgments against the Republic of Argentina, which the Republic refuses to pay in violation of its legal obligations. The efforts of plaintiffs to attach and execute upon assets in the United States have thus far met with very limited success. However, plaintiffs will undoubtedly continue to seek recovery in the United States if opportunities occur. In addition, plaintiffs are seeking to discover assets in foreign countries which might be applied to their judgments, and they have, of course, every right to do so, despite the difficulties involved.

Right now plaintiffs are seeking to obtain information about dealings which the Republic of Argentina or branches thereof have in countries outside of Argentina, whether in the United States, European countries, or elsewhere. Such dealings may involve assets which can be attached or executed upon with the assistance of the courts in the particular location. This is all entirely legitimate. The difficulties involved result solely from the failure of the Republic to honor its legal obligations in a normal, direct manner.

At a hearing held on August 30, the court approved subpoenas directed to Banco de la Nación Argentina and Bank of America, subject to modifications of details. The purpose of these subpoenas is to obtain information about possible activities of the Republic of the kind indicated above. At the hearing, the court reserved decision with regards to a subpoena directed to the general

manager of the BIS.  The present opinion is directed to that matter.

It is important to note that the subpoena at issue is addressed to an individual—Jaime Caruana.  It was Caruana who was served.  However, the subpoena is not in any way seeking personal information about Caruana.  The subpoena is addressed to him as general manager for the BIS and all the listed "Topics for Deposition" and the description of the "Documents To Be Produced," seek information about the BIS and not about Caruana personally.  The purpose of the subpoena is to obtain information which the court believes plaintiffs are legitimately entitled to—that is, information which could lead to legally proper attachments or executions on assets of the Republic in countries outside of Argentina.

However, the court is constrained to hold that the BIS is not subject to a subpoena issued out of the federal court in New York.  The service of the subpoena on Caruana, while he was on one of his infrequent visits to New York, is not sufficient to subject the BIS to process.

The BIS is located in Switzerland.  Created by treaty in 1930, the BIS is an international organization that fosters international monetary and financial cooperation and serves as a bank for central banks.  Its customers are central banks, monetary institutions, and international organizations.  Pursuant to its governing statutes, the BIS does not hold accounts in the name of national governments, nor does it accept deposits from, or provide financial services to, private individuals or corporate entities.  Membership of the BIS consists of 56 central banks or national monetary authorities, each of which is entitled to

vote on matters at the BIS's annual general meeting.  The BIS has no offices, employees, or general agents for service of process in New York; neither owns nor leases any real property in New York; has neither sought to be nor is licensed to do business in New York; and does not advertise or solicit business in New York.  The BIS offers virtually absolute immunity from attachment, execution or other legal process extended to its deposits under Swiss law.

It appears that BCRA has deposits at the BIS which regularly run into the billions of dollars.  It could well be that BCRA holds large amounts of dollars actually belonging to the Republic and that BCRA deposits at the BIS include such monies belonging to the Republic.  The court is not now speaking of assets of BCRA, but of assets of the Republic.[1]

Regardless of this, there is the legal issue as to whether a Federal Court in New York can issue a subpoena to the BIS.  In this connection, the court lacks such power if the BIS is outside the personal jurisdiction of this district. See Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 547 (S.D.N.Y. 2005).  Both plaintiffs and the BIS agree on this proposition.

Plaintiffs contend that the BIS is subject to jurisdiction under Section 302(a)(3) of the N.Y. C.P.L.R., which states:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:

---

[1] The Court of Appeals for the Second Circuit has recently held that assets of BCRA on deposit at the Federal Reserve Bank of New York could not be attached in the United States.  See NML Capital, Ltd. v. Banco Central de la República Argentina, --- F.3d ---, No. 10 Civ. 1487, 2011 WL 2611269, at *17-18 (2d Cir. July 5, 2011).

> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Despite the basic justice of plaintiffs' cause, there really is no merit in plaintiffs' attempt to rely on this statute.  Plaintiffs try to argue that the BIS somehow committed a tortious act by assisting the Republic in avoiding its creditors. They have other arguments about other provisions of the above statute. Without extended discussion, the court believes that it is clear that the above New York statute does not apply.

Plaintiffs also briefly state that the BIS is "arguably subject" to this court's jurisdiction under Section 302(a)(1) of the N.Y. C.P.L.R., which states:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 3. transacts any business within the state or contracts anywhere to supply goods or services in the state

However, plaintiffs' evidence of the BIS's contacts with New York, even if found to be true, does not show that the BIS transacts business within the state or makes contracts anywhere to supply goods or services in the state, from which

- 5 -

a cause of action before the court arises.

It is also necessary to deal with Rule 45 of the Federal Rules of Civil Procedure, which provides for the issuance of subpoenas both for trial and for discovery. However, Rule 45 provides that "the issuing court must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii).

The subpoena is addressed to Caruana, and requires him to appear at a deposition in New York City and to produce documents in New York City at this deposition. Of course, as already noted, the subpoena is in effect directed to the BIS, because all the information sought is about the BIS, not about Caruana personally.

The subpoena does not comply with the territorial requirements of Rule 45. Both Caruana and the BIS are located in Switzerland, and there is no indication that either Caruana or the BIS regularly transact business in New York.

Plaintiffs' request that the court modify the subpoena by requiring Caruana to submit to a deposition by written questions presumably to be answered in Switzerland, with documents shipped to New York. Thus, neither Caruana nor anyone else at BIS would be required to travel more than 100 miles. However, the court does not believe that Rule 45 is a device for having the discovery rendered in a foreign country, as plaintiffs suggest. There are

other well known means for accomplishing this, but not a Rule 45 subpoena in this case.

### Conclusion

For these reasons, the court grants the motion to quash the subpoena, and denies the motion to compel compliance therewith.

The court will discuss with the parties other means of discovery to obtain the information which plaintiffs are now legitimately seeking.

This opinion resolves the motions listed as document numbers 358 and 375 in case 03 Civ. 8845, as well as the same motions in the related cases.

SO ORDERED.

Dated: New York, New York
September 2, 2011

Thomas P. Griesa
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/11